JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-9085 PA (AGRx) | Date | November 30, 2021 |
|---|---|---|---|
| Title | Randall Weimer et al v. Michael Gomez et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Michael Gomez and Sandra Gomez ("Defendants") on November 19, 2021.  (Docket No. 1.)  Defendants seek to remove the action filed by plaintiffs Randall Weimer and Susan Weimer ("Plaintiffs"), which alleges a single state law claim for unlawful detainer.  Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  "A case may not be removed to federal court on the basis of a federal defense . . . ."  Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-9085 PA (AGRx) | Date | November 30, 2021 |
|---|---|---|---|
| Title | Randall Weimer et al v. Michael Gomez et al | | |

Here, the underlying Complaint contains a single cause of action for unlawful detainer, which does not arise under federal law. In their Notice of Removal, Defendants allege only that "[f]ederal question exists because Defendant's Answer, a pleading that depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (Docket No. 1 ¶ 10 (errors in original).) However, neither a federal defense nor a federal counterclaim forms a basis for removal. See Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"). Defendants have therefore failed to invoke this Court's federal question jurisdiction.

Accordingly, Defendants have not met their burden of showing that jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Superior Court of California, County of Los Angeles, Case No. 21NWUD00606. See 28 U.S.C. § 1447(c). Defendants' Applications to Proceed In District Court Without Prepaying Fees or Costs (Docket Nos. 3, 4) are denied as moot.

IT IS SO ORDERED.